(No. 87-CC-0220– )

WILLIAM WOODWARD, Claimant, *v.* THE STATE OF ILLINOIS, DEPARTMENT OF CORRECTIONS, Respondent.

*Order filed April 20, 1987.*

RICHARD J. HABIGER, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This matter came to be heard on Claimant's verified petition, Respondent's answer, and Claimant's motion for judgment on the pleadings.

The Court having read the pleadings and Respondent's admissions, and being fully advised in the premises, finds the following facts:

1. Claimant, William Woodward, is an employee of the U.S. Forestry Service and is the victim of a crime that occurred more than two years ago.

2. Three twenty ($20.00) dollar bills [i.e., $60.00] were stolen from Mr. Woodward by Richard Carter, a prisoner at the Southern Illinois Community Correctional Center, more commonly called the "House of Glass," a correctional facility operated by the Respondent.

3. Law enforcement authorities, the sheriff of Jackson County and local correctional officials, immediately investigated and found the money stolen from Mr. Woodward in the possession of Mr. Carter.

4. Thereafter, no criminal prosecution was initiated for the theft of Mr. Woodward's money, but Mr. Carter was returned to maximum security at Menard Correction Center for violation of the disciplinary rules of the Department of Corrections.

5. The three $20.00 bills [*i.e.*, $60.00] stolen from Mr. Woodward and found in the possession of Mr. Carter were confiscated by correctional officials and deposited in a "locally held fund" in the possession and control of local correctional officials at the "House of Glass." [The fund is commonly referred to as a "resident benefit fund."]

6. Thereafter, Mr. Woodward persistently endeavored to have his money returned to him but all efforts were rebuffed by departmental officials.

7. Upon written and telephonic inquiry by his counsel, Claimant was informed that the department would not return his $60.00 to him without an adjudication by the Court.

The answer filed on behalf of the Respondent, the Department of Corrections, admits Respondent's liability to Claimant in the amount of $60.00, as prayed for by Claimant.

Based on the facts found and Respondent's admission of liability, the Court concludes that no genuine issue of material fact exists which would require an evidentiary hearing and that judgment in the amount of $60.00 should be entered as a matter of law in favor of Claimant.

It is therefore ordered that Claimant, William Woodward, be and hereby is awarded the sum of sixty ($60.00) dollars.